Thomson, J.
The complaint alleged the making and delivery by E. M. Sheridan of his note to the Colorado Securities Company for $600, payable in five years, with interest, after maturity, at two per cent per month; the execution by Sheridan to Henry J. Aldrich of a trust deed to certain real estate to secure the payment of the note, by the terms of which it was provided, among other things, that in case of the death, inability or refusal to act, of the trustee, the legal holder of the note might, by writing duly acknowledged, substitute another person to act in his stead, whose acts in the premises should be as effectual and binding as if done by the original trustee; the sale and conveyance of the premises to the defendants successively; the assumption by them of the payment of the note; the nonpayment of the note; the absence from the state of Henry J. Aldrich, the trustee, and his consequent inability to act; the appointment of F. J. Henderson as his substitute, in the manner provided by the trust deed; the sale of the property by Henderson in the manner prescribed by the deed of trust, and its purchase at the sale for $500 by the plaintiff. Judgment was demanded against the defendants for the unpaid residue.
A demurrer to the complaint for want of facts was overruled, and the defendants answered, admitting either expressly, or by failure to deny, the execution of the note and trust deed ; the conveyance to the defendants, and their assumption of payment of the noté; the due and regular appointment of F. J. Henderson as substituted trustee; the sale of the property by Henderson in conformity with the terms of the deed of trust; its purchase by the plaintiff for $500; and the execution to him of a deed to the land by the substituted trustee. The answer averred that the appointment of Henderson as substituted trustee was not recorded until after the sale by him; that the value of the property at *343 the time of the sale was $800 ; that it was not intended by the parties that interest at two and one half per cent after maturity should ever be collected, but that the provision for interest in the note was designed merely as a penalty to secure the prompt payment of the indebtedness; that by reason of the failure of Henderson in the recording of his appointment, the public were discouraged from buying the property at its full cash value; and that because the appointment was not recorded before the sale, the plaintiff was estopped to claim a deficiency against the defendants.
The plaintiff moved the court to strike out of the answer the portion alleging that the interest reserved in the note was intended as a penalty; the portion alleging that Henderson did not record his appointment u,ntil after the sale; the portion alleging that by reason of the failure to record the instrument, the public were discouraged from buying the property at its full cash value ; and the portion asserting an estoppel against the plaintiff. The court sustained the motion as to the part alleging an estoppel, and denied it as to the other portions. The plaintiff had verdict and judgment, and the defendants appealed.
No question is made in the assignment of errors, or the argument, as to the joint liability of the defendants for the deficiency. That they were so liable, if there was a liability at all, seems to have been conceded throughout. The part of the answer charging an estoppel was properly stricken out, and the other parts objected to, should have been. There was not, in the facts alleged, a single element of estoppel. The note expressly provided for the payment of interest at two and one half per cent per month after maturity. Parol contemporaneous evidence would be inadmissible to contradict or vary its terms, and an averment of a contrary intention, without more, is bad. The trust deed contained the contract between the parties to it; it was recorded, and subsequent purchasers, and bidders at the sale, were charged with knowledge of its terms. It provided in express language for the appointment of a substitute for the original *344 trustee, but it did not provide that the instrument of appointment should be recorded. Bidders could easily satisfy themselves of the existence of the instrument by requiring Henderson to produce it, and the fact that it was not recorded at the time, constituted no reason why the public should be discouraged. It would belong to the purchaser at the sale, and he could record it at his leisure.
There was not much in the case for trial. Error is assigned to the striking out by the court of portions of the defendants’ evidence. Very little evidence appears in the abstract. We infer that testimony as to what the property rented for, some years prior to the sale, and as to its value a year before the sale, was stricken out. We cannot find that any evidence of its value at or about the time of the sale was offered. Even if it continued to be of the same value down to the time of the sale, upon .what evidence there was, there does not seem to have been any such difference between the amount for which it sold, and the actual value, as to cast suspicion on the sale. We find nothing tending to impeach the regularity or fairness of the sale. From what we can see the rulings were entirely proper. As to the other decisions complained of, the abstract does not contain enough to give us an idea of what the subject of complaint is.
The only instruction objected to, was one to the effect that the assumption of the debt by the defendants, severally, was admitted by the pleadings. As we read the pleadings, that was true, and the defendants, in their argument, d.o not undertake to show that it was not.
The judgment is affirmed.

Affirmed.